UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN EDMISTEN, | Case No.: 3:22-cv-00118-RCJ-CLB |
| Petitioner, | **ORDER** |
| v. | |
| WILLIAM L. GITTERE, et al., | |
| Respondents. | |

*Pro se* Petitioner Justin Edmisten has moved for release from custody pending a decision on the merits of his petition for writ of habeas corpus. (ECF No. 13.). Respondents opposed the motion, and Edmisten replied. (ECF Nos. 14, 18.) For the reasons discussed below, Edmisten's motion is denied.

**I.  BACKGROUND**

Following a jury trial, Edmisten was found guilty of burglary, robbery, burglary while in possession of a deadly weapon, two counts of attempted robbery with the use of a deadly weapon, and ownership or possession of firearm by prohibited person. (ECF No. 15-2 at 2–3.) Edmisten was sentenced to 120 to 300 months in prison. (*Id.* at 3.) Edmisten is currently incarcerated at Ely State Prison.

Edmisten transmitted his *pro se* federal petition for writ of habeas corpus on February 3, 2022. (ECF No. 7.) On June 14, 2022, this Court granted Edmisten's motion to amend his petition. (ECF No. 19.) Edmisten has until July 29, 2022, to file an amended petition. (*Id.*)

**II.  DISCUSSION**

Edmisten seeks release pending a decision on the merits of his petition. (ECF No. 13.) Respondents counter that this Court lacks authority to grant such relief. (ECF No. 14 at 3 (citing

1

Fed. R. App. P. 23 (governing the transfer of custody pursuant to an application by a custodian while a federal habeas petition is pending and the release of a prisoner when a federal habeas decision is under review)). Moreover, Respondents argue that Edmisten's request relates to his conditions of confinement and would have been more appropriately brought pursuant to 42 U.S.C. § 1983, rather than in a motion in his federal habeas action, which is limited to challenging a petitioner's duration or legality of confinement. (*Id.* at 4 –5 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Respondents are correct that Federal Rule of Appellate Procedure 23 "does not appear to contemplate release on bail pending an initial decision in district court." *In re Roe*, 257 F.3d 1077, 1080 n.2 (9th Cir. 2001). As such, there are no federal rules or statutes addressing this Court's authority to grant release pending a decision on the merits of a federal habeas petition.

However, the Ninth Circuit has stated that to qualify for pre-decisional release from state prison pending a federal habeas petition, a petitioner must show that the habeas petition has a high probability of success and that special circumstances justify his release. *See United States v. Dade*, 959 F.3d 1136, 1138 (9th Cir. 2020) ("[T]he prisoner must show that, 'in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice'") (quoting *Aronson v. May*, 85 S.Ct. 3, 5 (1964)); *see also Benson v. State of Cal.*, 328 F.2d 159, 162 (9th Cir. 1964) ("It would not be appropriate for us at this stage of the proceeding to enlarge this petitioner on bail even if we found that the allegations of his petition for habeas corpus made out a clear case for his release. Something more than that is required before we would be justified in granting bail."); *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989) ("Bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success.").

This Court first addresses Edmisten's probability of success. Litigation is still pending in this action. Edmisten has not yet filed an amended petition, only a few exhibits have been filed, and Respondents have not had an opportunity to raise any procedural bars to Edmisten's amended petition or to respond on the merits. Accordingly, absent the completion of the foregoing litigation, this Court cannot conclude, at this time, that Edmisten has demonstrated that his federal habeas petition has a high probability of success. *Dade*, 959 F.3d at 1138.

Turning to Edmisten's alleged special circumstances justifying release, Edmisten argues, *inter alia*, that (1) he "feels he should not have to sit in prison any longer," and (2) he contracted Covid-19 on December 26, 2020. (ECF No. 13 at 3–5.) Relying on an infection that he contracted a year and a half prior—without allegations that Edmisten still suffers from the infection—does not rise to the level of a special circumstance. *Dade*, 959 F.3d at 1138.

This Court finds Edmisten has not demonstrated that pre-decisional release is warranted.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's motion for release **[ECF No. 13] is denied**.

IT IS FURTHER ORDERED that Respondents' motion for leave to file Petitioner's Presentence Investigation Report under seal **[ECF No. 16] is granted.**

Dated: July 21, 2022

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE