UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN EDMISTEN,<br><br>                Petitioner,<br><br>v.<br><br>WILLIAM L. GITTERE, et al.,<br><br>                Respondents. | Case No. 3:22-cv-00118-RCJ-CLB<br><br>**ORDER** |

*Pro se* Petitioner Justin Edmisten filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 7.) On June 14, 2022, this Court granted Edmisten's motion to amend his petition. (ECF No. 19.) Thereafter, Edmisten filed his Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 20 ("Amended Petition").) This matter comes before the court on initial review of the Amended Petition under the Rules Governing Section 2254 Cases ("Habeas Rules").

**I.     BACKGROUND**

Edmisten challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Justin Edmiston*,[1] Case No. C-18-329887-1.[2] On August 22, 2018, the state court entered a judgment of conviction, pursuant to a jury trial, for burglary, robbery, burglary while in possession of a deadly weapon, two counts of attempted robbery with the use of a deadly weapon, and ownership or possession of firearm by a

---

[1] Edmisten's name is spelled differently in the state court records.

[2] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

prohibited person. Edmisten was sentenced to an aggregate of 120 to 300 months in prison. Edmisten appealed, and the Nevada Supreme Court affirmed on October 15, 2020.

On January 12, 2021, Edmisten filed a state petition for writ of habeas corpus. The state court denied post-conviction relief on July 15, 2021. Edmisten filed a post-conviction appeal, and the Nevada Supreme Court affirmed the denial on January 11, 2022. On or about February 3, 2022, Edmisten initiated this federal habeas corpus proceeding. (ECF No. 7.)

## II. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). A response is warranted in the instant case.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents file a response to the Amended Petition, including potentially by motion to dismiss, within 90 days.

**IT IS FURTHER ORDERED** that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If

respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that Petitioner has 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number or numbers of the exhibits in the attachment.

Dated: July 21, 2022

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE