# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN EDMISTEN,<br><br>               Petitioner,<br><br>v.<br><br>WILLIAM L. GITTERE, et al.,<br><br>               Respondents. | Case No.: 3:22-cv-00118-RCJ-CLB<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS, STRIKING MOTION FOR REPLY, DENYING MOTION FOR PRELIMINARY INJUNCTION, AND DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF Nos. 40, 45, 49, 50, 51]** |

Petitioner Justin Edmisten, a Nevada prisoner, has filed a *pro se* Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 20 ("Petition").) Currently before the Court is Respondents' motion to dismiss the Petition. (ECF No. 40.) Edmisten responded to the motion, and Respondents replied. (ECF Nos. 44, 48.) For the reasons discussed below, the motion is granted, in part, and denied, in part. Also, before the Court are Edmisten's motion for reply, Respondents' motion to strike, Edmisten's motion for preliminary injunction, and Edmisten's motion for reconsideration. (ECF Nos. 45, 49, 50, 51.)

**I.      Procedural History and Background**

Edmisten challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). On August 22, 2018, the state court entered a judgment of conviction, pursuant to a jury verdict, of burglary, robbery, burglary while in possession of a deadly weapon, two counts of attempted robbery with the use of a deadly weapon, and ownership or possession of a firearm by a prohibited person. (ECF No. 41-29.) Edmisten was sentenced to an aggregate of 120 to 300 months in prison. (*Id*. at 4.) Edmisten appealed, and the Nevada Supreme Court affirmed on September 18, 2020. (ECF No. 42-38.) On January 12, 2021, Edmisten filed a

state petition for post-conviction relief. (ECF No. 42-45.) The state court denied Edmisten post-conviction relief on July 15, 2021. (ECF No. 43-8.) Edmisten appealed, and the Nevada Court of Appeals affirmed on December 9, 2021. (ECF No. 43-18.)

Edmisten filed the instant Petition on June 17, 2022. (ECF No. 20.) Respondents move to dismiss the Petition, arguing that Edmisten raises unexhausted claims, a factually undeveloped claim, and conclusory claims. (ECF No. 40.)

**II.     Legal Standards & Analysis**

  **a.  Exhaustion**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

A state appellate court decision on the merits of a claim of course exhausts the claim. *E.g.*, *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015). "In the exhaustion context, the Supreme Court has admonished lower courts that the complete exhaustion requirement is not intended to 'trap the unwary *pro se* prisoner.'" *Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (rejecting argument that petitioner should be limited to claims in an initial federal petition after returning to federal court from state exhaustion proceedings)). "More generally, the Court has held *pro se* pleadings to a less stringent standard than briefs by counsel and reads *pro se* pleadings generously, 'however inartfully pleaded.'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

### i. Ground 1

The Court reads Ground 1 as alleging the following claims: (a) trial counsel provided ineffective assistance because he failed to obtain a handwriting expert to do a handwriting comparison which would have shown that Edmisten did not write the robbery note, (b) trial counsel provided ineffective assistance because he failed to obtain a fingerprint expert to test the robbery note, and (c) his trial counsel provided ineffective assistance because he failed to move for dismissal of the case based on the prosecution's failure to preserve—or the destruction and loss

of—the robbery note. (ECF No. 20 at 3–5.) Respondents argue that Ground 1(b) is unexhausted. (ECF No. 40 at 5.) Respondents are correct; Edmisten did not present Ground 1(b) to the state appellate courts.[1] (*See* ECF Nos. 42-33, 43-7.) Ground 1(b) is unexhausted.

Respondents also argue that Edmisten failed to develop the factual basis for Ground 1(a). (ECF No. 40 at 5–6.) Specifically, Respondents argue that Edmisten alleged that "it is at least plausible" that a handwriting comparison analysis would have shown that he did not write the robbery note; however, Edmisten failed to develop the factual basis for this contention in state court. (*Id*.) The Court declines to dismiss Ground 1(a) on this basis and will consider this argument at the time of merits review.

### ii. Ground 2

The Court reads Ground 2 as alleging the following claims: (a) trial counsel provided ineffective assistance because he failed to object to the prosecutor's closing arguments related to jury instruction number 30, (b) trial counsel provided ineffective assistance because he failed to object to the authentication and chain of custody for the robbery note, and (c) trial counsel provided ineffective assistance because he failed to request a limiting instruction after a witness referenced the "SCOPE" database. (ECF No. 20 at 6–8.) Respondents argue that Grounds 2(b) and 2(c) are unexhausted. (ECF No. 40 at 5.) Respondents are correct; Edmisten did not present Grounds 2(b)

---

[1] In his post-conviction appeal opening brief, Edmisten, who was representing himself, included the following partial sentence: "[r]ight of indigent defendant in state criminal case to assistance of fingerprint expert." (ECF No. 43-7 at 9 (citing 72 A.L.R. 4th 874).) However, this single partial sentence about the right to the assistance of a fingerprint expert was included within Edmisten's claim that his trial counsel should have hired a handwriting expert. Edmisten did not independently present the state appellate courts with a claim that his trial counsel was ineffective because he failed to hire a fingerprint expert.

4

and 2(c) to the state appellate courts.[2] (*See* ECF Nos. 42-33, 43-7.) Grounds 2(b) and 2(c) are unexhausted.

### iii. Edmisten's response

Edmisten does not argue that his claims are exhausted. Rather, he appears to argue that (1) his claims would be procedurally defaulted if he returned to state court, and (2) he can show cause and prejudice to overcome the procedural default. (ECF No. 44.) To show cause, Edmisten alleges that when he was working on his state petition for post-conviction relief, "Covid-19 was running rampant throughout the facility and [the processing of] research materials . . . [was] running very slow." (*Id*. at 3.) As such, Edmisten "took whatever was at hand" and filed his petition; however, after the "law library started coming back up," he supplemented his state post-conviction petition. (*Id*.)

In broad overview, an "anticipatory default" determination generally is not the next required step in a federal habeas case arising out of Nevada after it is determined that the petition contains unexhausted claims. In federal habeas cases arising out of Nevada, the state courts, generally, apply substantially the same standards as do the federal courts in determining whether a petitioner can demonstrate either cause or actual innocence in order to overcome a claimed procedural default.[3] In past cases, this Court thus has rejected efforts by habeas petitioners to claim

---

[2] Edmisten presented a claim on direct appeal that the state district court erred when it failed to give a limiting instruction after a witness referenced the "SCOPE" database. (ECF No. 42-33 at 14–15.) While this claim brought on direct appeal is related to Ground 2(c), they are distinct claims with separate elements of proof, and each claim must be separately and specifically presented to the state courts. *Cf. Kimmelman v. Morrison*, 477 U.S. 365, 374 & n.1 (1996) ("While defense counsel's failure to make a timely suppression motion is the primary manifestation of incompetence and source of prejudice advanced by respondent, the [Sixth Amendment ineffective assistance claim and Fourth Amendment claim] are nonetheless distinct, both in nature and in the requisite elements of proof.").

[3] Under state practice, "[a] petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice." *E.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006). In *Robinson v. Ignacio*, 360 F.3d 1044 (9th Cir. 2004), the court of appeals recognized that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical,

technical exhaustion by procedural default while at the same time arguing that they nonetheless can establish, *inter alia*, cause and prejudice or actual innocence to overcome that procedural default. Quite simply, if the petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the generally substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would *hold* the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (emphasis added; prior case citations and quotation marks omitted). On the other hand, if the petitioner has no such potentially viable arguments, then the claim indeed is technically exhausted; but it also is subject to immediate dismissal with prejudice as procedurally defaulted. Accordingly, the Court, generally, does not proceed to a cause-and-prejudice analysis as a matter of course following a holding that a claim is unexhausted. Generally, the petitioner thus either must establish a basis for a stay or dismiss the unexhausted claims in order to avoid dismissal of the petition under *Rose v. Lundy* as a mixed petition.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. The Supreme Court of Nevada has declined to recognize

---

as both require 'cause for the default and actual prejudice as a result.'" 360 F.3d at 1052 n.3. Moreover, the Nevada state courts also recognize the same exception for a fundamental miscarriage of justice, such that "[e]ven when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mitchell*, 149 P.3d at 36 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

cause under *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). Accordingly, a Nevada habeas petitioner who can rely upon *Martinez*, and only *Martinez*, as a basis for overcoming a state procedural bar on an unexhausted claim successfully can argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

If Edmisten has any argument as to why Grounds 1(b), 2(b), and 2(c) are technically exhausted by procedural default but that default can be overcome under *Martinez*, Edmisten must raise that argument in the alternative in a motion seeking either dismissal of Grounds 1(b), 2(b), and 2(c) and/or other appropriate relief, such as a stay.

### b. Conclusory claims

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)") requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Notice pleading is not sufficient to satisfy the specific pleading requirements for federal habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 655–56 (2005) (noting that Rule 8(a) of the Federal Rules of Civil Procedure requires only "fair notice" while Habeas Rule 2(c) "is more demanding," mere legal conclusions without facts are not sufficient—"it is the relationship of the facts to the claim asserted that is important"). Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle*, 545 U.S. at 649; *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). A claim for relief is facially plausible when the pleading alleges facts that allow the court to draw a reasonable inference that the petitioner is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although *pro se* pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), conclusory allegations

unsupported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Respondents argue that Grounds 1(b), 2(a), and 2(b) are conclusory. (ECF No. 40 at 7–8.) Construing Edmisten's pleadings liberally, the Court finds that Edmisten alleges sufficient facts and argument to support these claims.

### III.  Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court concludes that Grounds 1 and 2 are partially unexhausted. Because the Court finds that the petition contains unexhausted claims, Edmisten has these options:

1. He may submit a sworn declaration voluntarily abandoning the portions of the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[4] or
3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that

---

[4] This Court makes no assurances as to the timeliness of any future-filed petition.

8

failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If Edmisten wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Edmisten to reply. Or Edmisten may file a declaration voluntarily abandoning his unexhausted claims, as described above. Edmisten's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Edmisten is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### IV. Other pending motions

Edmisten has filed a Rule 5(e) motion, a motion for preliminary injunction, and a motion for reconsideration of this Court's order denying his motion for release. (ECF Nos. 45, 50, 51.)

In his Rule 5(e) motion, Edmisten argues the merits of his petition. (ECF No. 45.) In response, Respondents move to strike Edmisten's Rule 5(e) motion as a fugitive document. (ECF No. 49.) In his response to the motion to strike, Edmisten explains that his Rule 5(e) motion was meant to be his reply to his petition. However, because Respondents have not filed their answering brief, a reply brief is premature. As such, this Court grants Respondents' motion to strike

Edmisten's Rule 5(e) motion. Edmisten may file a reply brief following Respondents' filing of their answering brief.

In his motion for preliminary injunction, Edmisten presents various conditions of confinement issues. (ECF No. 50.) These issues are not properly brought in a 28 U.S.C. § 2254 action for a writ of habeas corpus; rather, it appears that these issues lie in a civil-rights action under 42 U.S.C. § 1983. *See Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) ("We have long held that prisoners may not challenge mere conditions of confinement in habeas corpus."). Consequently, Edmisten's motion for preliminary injunction is denied.

Regarding his motion for reconsideration, "a Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quotation omitted). Absent highly unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016); *see also Wood*, 759 F.3d at 1121 (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

In this Court's previous order denying Edmisten's motion for pre-decisional release, it explained that a petitioner must show that the habeas petition has a high probability of success and that special circumstances justify his release. (ECF No. 21 at 2 (citing *United States v. Dade*, 959 F.3d 1136, 1138 (9th Cir. 2020)).) This Court then found that Edmisten failed to meet either prong: Edmisten's earlier Covid-19 infection did not rise to the level of a special circumstance, and, "absent the completion of . . . litigation, this Court cannot conclude . . . that Edmisten has demonstrated that his federal habeas petition has a high probability of success." (*Id*. at 3.) Although

there has been further litigation since this Court denied Edmisten's motion for pre-decisional release—namely, Respondents' motion to dismiss and the filing of further exhibits—litigation is still ongoing. Accordingly, because the litigation has not been completed, this Court can still not conclude that Edmisten has demonstrated that his federal habeas petition has a high probability of success. Edmisten's motion for reconsideration is denied.

## V. Conclusion

**IT IS THEREFORE ORDERED** that Respondents' motion to dismiss **(ECF No. 40) is GRANTED** in part as follows: Grounds 1(b), 2(b), and 2(c) are unexhausted.

**IT IS FURTHER ORDERED** that Petitioner shall have 30 days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon Grounds 1(b), 2(b), and 2(c) and proceed on the exhausted grounds (Grounds 1(a), 1(c), and 2(a)); OR (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust Grounds 1(b), 2(b), and 2(c); OR (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted grounds (Grounds 1(a), 1(c), and 2(a)) in abeyance while he returns to state court to exhaust Grounds 1(b), 2(b), and 2(c). If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if Petitioner elects to abandon his unexhausted grounds (Grounds 1(b), 2(b), and 2(c)), Respondents shall have 30 days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief (Grounds 1(a), 1(c), and 2(a)). The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that Petitioner shall have 30 days following service of Respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that Respondents' motion to strike **(ECF No. 49) is GRANTED**. Petitioner's motion for reply **(ECF No. 45) shall be STRICKEN**.

**IT IS FURTHER ORDERED** that Petitioner's motion for preliminary injunction **(ECF No. 50) is DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for reconsideration **(ECF No. 51) is DENIED.**

Dated: November 8, 2022

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE